# In the United States Court of Federal Claims

|  |  |
|---|---|
| PRESLEY POWELL and PAULINE GREEN-POWELL, <br>         Plaintiffs, <br><br>   v. <br><br> THE UNITED STATES, <br><br>         Defendant. | No. 25-cv-0370 <br> (Filed:  July 10, 2026) |

*Robert G. Nassau*, Syracuse University College of Law, Low Income Taxpayer Clinic, Syracuse, New York, for Plaintiffs.

*Melissa A. Hammer*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

Meriweather, Judge

Plaintiffs, Presley Powell and Pauline Green-Powell ("the Powells") seek compensation from the United States in the amount of $1,200 for the First Recovery Rebate Credit claimed on their 2020 joint tax return. *See* Compl. ¶¶ 1, 7, ECF No. 1.  The United States' Motion to Dismiss the Powells' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") is pending before the Court.  *See* Def.'s Mot. to Dismiss, ECF No. 13 (hereinafter "Mot.").  Having reviewed the filings[1] and the law, the Court finds that it lacks subject matter jurisdiction to review the Powells' claims and **GRANTS** the United States' Motion to Dismiss under RCFC 12(b)(1).  The Court does not reach the United States' alternative request that the case be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] The following filings are relevant to this Order: Compl., ECF No. 1; Mot., ECF No. 13; Pl.'s Resp., ECF No. 14; Def.'s Reply, ECF No. 15.  Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

## BACKGROUND[2]

The Powells seek compensation for a $1,200 First Recovery Rebate Credit claimed on their 2020 joint tax return. *See* Compl. ¶¶ 1, 7. The First Recovery Rebate Credit is a refundable credit allowed to eligible individuals who did not receive an advanced refund of the $1,200 First Stimulus/Economic Impact Payment ("stimulus payment") during the coronavirus pandemic. *See* 26 U.S.C. § 6428. The stimulus payments were payments of up to $1,200 made by the United States starting in March 2020. *Id.* These payments were authorized under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and were mandated to be refunded or credited to taxpayers through the Internal Revenue Service ("IRS"). *See* CARES Act, Pub. L. 116–260, § 273(c); 26 U.S.C. § 6428(f).

The Powells filed their 2020 Tax Return in July 2021. *See* Pl.'s App'x, ECF No. 1-2. They reported an adjusted gross income of $18,227 and an income tax liability of $0. *See* Compl. ¶ 12; *see also* Pl.'s App'x. They also claimed a $2,186 refund. Compl. ¶ 13. Mr. Powell claimed he did not receive a stimulus payment, so $1,200 of their claimed refund accounted for his First Recovery Rebate Credit. *Id.* ¶¶ 13, 30. In September 2021, the Powells received a $992.26 tax refund, which was the income tax withholding claimed on their 2020 return ($986) plus interest ($6.26). *Id.* ¶ 15. The tax refund did not include the Powells' claim for the $1,200 First Recovery Rebate Credit. *Id.* ¶ 6.

In October 2021, the United States issued the Powells a CP12 Notice about corrections the IRS made to their tax return, which stated that the Powells were not entitled to the First Recovery Rebate Credit. *Id.* ¶ 16. In November 2021, the Powells objected and requested an abatement of the tax assessment proposed by the United States. *Id.* ¶ 17. In June 2022, the United States informed the Powells that on April 15, 2020 the IRS had already direct-deposited the $1200 payment for Mr. Powell into a Bank of America ("BOA") account ending in 0882. *Id.* ¶ 22. This BOA account was listed on Mr. Powell's most recent prior tax return from 2018. *Id.* The BOA account is owned by Mrs. Green-Powell's nephew, Kemathi Bantu Temba Pessoa. *Id.* ¶ 28. *See also* Def.'s App'x at 8, ECF No. 13-1 (Mr. Powell's 2018 tax return listing Mr. Pessoa's bank account). However, the Powells claim Mr. Pessoa's bank statement from March 26, 2020 through April 24, 2020 shows that only two payments were deposited, neither of which was for Mr. Powell. *See* Compl. ¶ 29. The Powells did not attach this bank statement to their Complaint. *See generally id.* The IRS encouraged the Powells to both contact BOA and to submit a Form 3911 Taxpayer Statement Regarding Refund to the IRS. *Id.* ¶ 22.

The Powells submitted a Form 3911 Taxpayer Statement Regarding Refund in September 2022. *Id.* ¶ 23. In December 2023, the United States notified the Powells that it was tracing Mr. Powell's direct-deposit refund. *Id.* ¶ 24. After not receiving further communication from the

---

[2] The Court assumes the truth of the factual allegations in a complaint at the motion-to-dismiss stage. *See General Mills Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1371 n.1 (Fed. Cir. 2007). However, where—as here—the defendant challenges the Court's subject matter jurisdiction, the Court may look to evidence outside of the pleadings to determine whether its jurisdiction over a case is proper. *See APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 492 (2019).

United States, the Powells submitted a Form 911 Request for Taxpayer Advocate Assistance to the Taxpayer Advocate Service in May 2024. *Id.* ¶ 25. The Taxpayer Advocate Service informed the Powells that it would not be able to help them obtain the credit. *Id.* ¶ 27. The Powells then filed suit in this Court on March 3, 2025, alleging they are entitled to the First Recovery Rebate Credit claimed on their 2020 tax return because Mr. Powell is an eligible individual and he did not receive an advance stimulus payment. *Id.* ¶ 14.

The parties were unable to obtain documentation from BOA about the deposit without a subpoena, so the Court granted the United States' motion for leave to take jurisdictional discovery. *See* Unopposed Mot. for Leave to Take Jurisdictional Discovery, ECF No. 9; Mot. at 3. The United States served a subpoena on BOA, requesting account statements for Mr. Pessoa's BOA Account for April 2020 and other documents regarding the location of the funds that the IRS sent to be deposited on April 15, 2020. *See* Mot. at 3. BOA produced documentation showing three $1,200 payments made by the IRS on April 15, 2020 into Mr. Pessoa's BOA Account, including a $1,200 payment for Mr. Powell. Def.'s App'x, at 26. Mr. Powell's IRS Account Transcript for tax year 2020 also lists a refund issued on April 15, 2020 for $1,200. *See id.* at 4. Additionally, the Treasury Check Information System ("TCIS"), which contains information about payments issued by the IRS, shows that a payment for Mr. Powell was processed and directed to Mr. Pessoa's BOA Account on April 15, 2020. *Id.* at 6 (screenshot of the TCIS showing a payment had been processed for Mr. Powell on April 15, 2020).

Based on the evidence obtained through jurisdictional discovery and IRS records for Mr. Powell, the United States moves to dismiss the case for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Mot. at 1. The Powells oppose that motion and assert that discovery is necessary to resolve factual discrepancies regarding the alleged $1,200 deposit. Specifically, the Powells contest the accuracy of the bank statement BOA provided pursuant to the subpoena and note that the bank statement that Mr. Pessoa allegedly gave Mr. Powell several years ago does not show a $1,200 deposit for Mr. Powell on April 15, 2020.[3] *See* Pl.'s Resp. at 3–4. The bank statement the Powells gave the United States appears to show the details of Mr. Pessoa's bank account from March 26, 2020 through April 24, 2020 and only lists two $1,200 payments, one for Mr. Pessoa and one for Kimoya Nembhard; it reflects no payment for Mr. Powell. Def.'s App'x at 23. The Powells contend that discovery is necessary to determine which version of the bank statement is accurate. *See* Pl.'s Resp. at 4.

## LEGAL STANDARD

The Tucker Act grants the United States Court of Federal Claims limited jurisdiction over certain monetary claims against the United States. *See Stanton El v. United States*, 177 Fed. Cl. 197, 199 (2025) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)). The Act states that the Court,

---

[3] The Powells did not attach this bank statement to either their complaint or their response, but shared it with the United States, which then attached the statement to its Motion to Dismiss. *See* Def.'s App'x at 23.

shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Court's jurisdiction includes taxpayer refund suits.  *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).  Plaintiffs filing for a tax refund must meet certain prerequisites, including paying a principal tax deficiency and filing a tax refund claim with the IRS.  *Shore v. United States*, 9 F.3d 1524, 1527–28 (Fed. Cir. 1993).  A plaintiff must also file a copy of the refund claim and a statement identifying the details of the claim.  *See Gregory v. United States*, 149 Fed. Cl. 719, 722 (2020) (citing RCFC 9(m)).

Whether the Court possesses jurisdiction to decide a case is a "threshold matter." *Schneiter v. United States*, 159 Fed. Cl. 356, 365 (2022) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  To survive a motion to dismiss under RCFC 12(b)(1), plaintiffs must allege sufficient facts to establish subject matter jurisdiction.  *See DaimlerChrysler Corp. v. United* States, 442 F.3d 1313, 1318–19 (Fed. Cir. 2006).  The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence and unsupported allegations are insufficient to carry that burden.  *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *APL Microscopic, LLC*, 144 Fed. Cl. at 492 (2019).   If the Court finds that it lacks subject matter jurisdiction, it must dismiss the complaint.  *See* RCFC 12(h)(3).

In determining jurisdiction, the Court must accept all undisputed facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Trusted Integration,* 659 F.3d at 1163.  If a defendant disputes any fact upon which the Court's subject matter jurisdiction depends—a jurisdictional fact—the Court may consider and weigh evidence outside of the pleadings to resolve the factual dispute.  *See Mildenberger v. United States*, 643 F.3d 938, 944 (Fed. Cir. 2011); *Lenar Corp. v. United States*, 168 Fed. Cl. 334, 344 (2023).  Parties may obtain this evidence through jurisdictional discovery.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005); RCFC 26(b)(1).

## DISCUSSION

### I.    The Court Lacks Subject Matter Jurisdiction Over the Powells' Claim.

The United States argues that the Court lacks subject matter jurisdiction over the Powells' Complaint because the IRS already paid Mr. Powell the $1,200 he seeks to recover in this litigation.  *See* Mot. at 1.  The Powells contest the accuracy of the bank statement on which the United States relies, contrast it with the conflicting bank statement they contemporaneously received from Mr. Pessoa, and request discovery.  *See* Pl.'s Resp. at 4.  The record developed through jurisdictional discovery is sufficient to demonstrate that the IRS issued the $1,200 payment.  Accordingly, the Court lacks jurisdiction and must dismiss the case.

The United States' records and the BOA-provided bank statement confirm that the IRS issued the $1,200 payment for Mr. Powell to Mr. Pessoa's BOA account on April 15, 2020.  *See*

4

Def.'s App'x at 4, 6, 29.  The Powells rely on the fact that the version of the bank statement that they received from Mr. Pessoa does not show the $1200 payment for Mr. Powell.  *See* Compl. ¶¶ 15, 29; Pl.'s Resp at 4.  But the statement that BOA issued in response to a subpoena is more reliable evidence of the bank records than an unauthenticated copy from Mr. Pessoa.  The TCIS and IRS Account Transcript corroborate the BOA-provided bank statement and indicate that the IRS issued the $1,200 payment.  IRS records are presumed correct, and the Powells' arguments do not draw their accuracy into question.  *See McDow v. United States*, 176 Fed. Cl. 48, 52 (2025).  The Powells' arguments also do not cast doubt on the authenticity of the BOA-provided bank statement.  The Court therefore finds, after weighing the disputed jurisdictional facts, that the IRS issued a $1,200 payment to Mr. Powell on April 15, 2020.

The statute authorizing the First Recovery Rebate Credit required the IRS to "refund or credit any overpayment attributable to this subsection as rapidly as possible."  26 U.S.C. § 6428(3)(A).  It also allowed the IRS to "certify and disburse refunds payable under this subsection electronically to any account to which the payee authorized . . ."  26 U.S.C. § 6428(3)(B).  Thus, the IRS satisfied its statutory obligation to issue the Recovery Rebate Credit to Mr. Powell when it sent the funds to BOA and directed BOA to deposit the $1,200 payment into the account that Mr. Powell authorized on his 2018 tax return.  *See* Def.'s App'x at 8 (Mr. Powell's 2018 tax return listing Mr. Pessoa's bank account).  Even if BOA did not route the funds to Mr. Powell, or another accountholder intercepted the funds before Mr. Powell could cash the check, the IRS nonetheless would have fulfilled its obligation.  *See, e.g.*, *Your Insurance Needs Agency v. United States*, 274 F.3d 1001, 1006 (5th Cir. 2001) (holding that the IRS "fulfilled its obligation to pay the refunds owed" "by mailing refund checks to the address listed on taxpayers' returns" even though the checks were stolen before they were received); *Prosper v. United States*, No. 3:21-CV-856-RLM, 2023 WL 2388697, at *3 (N.D. Ind. Jan. 24, 2023) ("[The taxpayer] was cheated, but she was cheated by [the person who stole her tax refund], not by the IRS, which sent the amount [her] tax return requested to the bank account the return said the check should be sent to.").

Although the United States frames its jurisdictional challenge as a question of mootness, *see* Mot. at 6–8, the timing of the payment presents a standing problem.  Standing is a "bedrock constitutional requirement" that a plaintiff must demonstrate that (i) he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief.  *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 378, 380 (2024).  A case becomes moot if intervening circumstances eliminate that injury during litigation.  *See eSimplicity, Inc. v. United States*, 122 F.4th 1373, 1376 (Fed. Cir. 2024); *Momenta Pharmaceuticals, Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019).  Simply stated, standing tests whether the plaintiff has the requisite injury at the outset of the litigation, whereas mootness tests whether the injury continues throughout the litigation.  *See Momenta Pharmaceuticals*, 915 F.3d at 770.  As the IRS issued Mr. Powell's $1,200 payment on April 15, 2020—*before* the Powells filed their Complaint on March 3, 2025—the Powells lack standing.  *See Middlebrook v. United States*, No. 23-1066, 2024 WL 836747, at *3 n.2 (Fed. Cl. Feb. 28, 2024) (citing *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81, 189–92 (2000)) (noting that a plaintiff would lack standing if the IRS sends the plaintiff a refund for the First Recovery Rebate Credit before the plaintiff files a complaint seeking payment for the credit).  The Powells had no

redressable injury when they filed their Complaint because the IRS had already processed the $1,200 payment the Powells seek. *See* Def.'s App'x at 4, 6, 29. Accordingly, the case must be dismissed pursuant to RCFC 12(b)(1) for lack of standing. *See Aero Spray, Inc.*, *v. United States*, 156 Fed. Cl. 548, 556–57 (2021) (citing *Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.3d 1366, 1370 (Fed. Cir. 2003)).

## CONCLUSION

For the foregoing reasons, the Court finds that the Powells lack standing and hereby **GRANTS** the United States' Motion to Dismiss, ECF No. 13, under RCFC 12(b)(1) for lack of subject matter jurisdiction. Having dismissed the case for lack of jurisdiction, it is unnecessary to reach the United States' alternative motion to dismiss the Complaint pursuant to RCFC 12(b)(6) for failure to state a claim. The Clerk of the Court shall enter Judgment accordingly.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge